## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KELLY A. SHURE,                          :
                                         :
    Plaintiff,                            :
                                         :
v.                                       :          CIVIL ACTION NO.
                                         :          1:16-CV-650-RWS
GS ROCKLEDGE, LLC, et al.,               :
                                         :
    Defendants.                           :

## ORDER

On April 12, 2019, the Court held a hearing regarding discovery issues in this case.

The Court will first address Defendants' Supplemental Motion to Compel Discovery Response from Spine Center [Doc. No. 76] and Defendants' Motion to Supplement [Doc. No. 77]. Defendants' Motion to Supplement [Doc. No. 77] is not a motion but merely points out a typographical error in the original motion. The Clerk is DIRECTED to terminate the pending status of the Motion to Supplement [Doc. No. 77].

Defendants' Supplemental Motion to Compel [Doc. No. 76] is GRANTED. Spine Center is ORDERED to produce the following within fourteen days:

(1)    Its complete agreement with lawsuit funding company Pro-Med

AO 72A
(Rev.8/8
2)

Capital, LLC, pertaining to the instant lawsuit;

(2)     Records of any and all emails or other communications with any member of Plaintiff's legal team relative to this case;

(3)     Copies of all versions of Kelly Shure's bills created by Spine Center, including any change logs or other electronic data demonstrating any alterations made to those bills; and

(4)     Any and all text messages in the possession of any Spine Center employee with Kelly Shure or any member of her legal team relative to this case.

The Court also finds that Defendants are entitled to costs and expenses in bringing this motion.  Defendants are ORDERED to submit their request for costs in fourteen days.  Plaintiff may file a response to the amount sought within seven days thereafter.

Defendants have also submitted a letter brief to the Court, which is attached as Exhibit A, in which they request from Plaintiff's counsel all correspondence between Spine Center and any member of Plaintiff's legal team. Defendants want to cross-check these communications against the same records that will be produced by Spine Center.  Plaintiff objects on the grounds of the work product doctrine.  However, the requested communications are not protected by the work

2

product doctrine, and under the circumstances, the Court finds that production of this correspondence is appropriate.   Plaintiff's attorneys are ORDERED to produce this correspondence within fourteen days.

Finally, Defendants have submitted a letter brief, which is attached as Exhibit B, in which they request direction from the Court regarding Plaintiff's request for work orders and capital expenditure reports related to hand-railing, fence, and stairwell maintenance.  As discussed at the hearing, the parties should confer regarding this issue and report back to the Court if additional guidance is necessary.

The discovery period is hereby extended to allow the parties to comply with their discovery obligations.  Discovery ends June 15, 2018.  Dispositive motions are due on or before July 15, 2018.

**SO ORDERED**, this _23rd_ day of April, 2018.

_____
**RICHARD W. STORY**
United States District Judge

3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELLY A. SHURE,

    Plaintiff,

    v.

GS ROCKLEDGE, LLC, GREP
SOUTHEAST, LLC,

    Defendants.

CIVIL ACTION FILE NO.:
1:16-CV-00650-RWS

## DEFENDANTS' BRIEF SUMMARY OF DISCOVERY DISPUTE

COME NOW Defendants and, pursuant to the Court's instructions, provide the following brief summary of their discovery dispute with Plaintiff counsel:

Defendants have requested production <u>from Plaintiff counsel</u> of all correspondence between Spine Center Atlanta and any member of Plaintiff's legal team, so Defendants can cross-check those communications against the forthcoming records[1] to be produced by Spine Center Atlanta itself. In its Order (Doc. 70) of February 22, 2018, the Court held:

> Reports from a plaintiff's lawyer to his client's doctor on the progress of the case and the case's value would raise significant questions of bias, intent, and motive, which would be relevant and admissible to cross-examine Dr. Chappuis. Defendants are entitled to discover the extent of Dr. Chappuis and Spine Center Atlanta's communications with Plaintiff's counsel, as well as any documents they may have

---

[1] Pursuant to the Court's order, Spine Center Atlanta has until March 8, 2018 to produce its records of communications with "any member of Plaintiff's legal team." Doc. 70. As of today's filing, no records have so far been produced.

1

separated from Plaintiff's clinical file in an effort to hide them from discovery.

Doc. 70.

Defendants' original Request to Produce No. 9 (served March 30, 2016) was as follows:

9.

All correspondence, letters, memoranda, or other records or documents provided by you, your agents or by your attorneys to:

    (a)    Any alleged witness to this occurrence;

    (b)    Any physician, osteopath, chiropractor or practitioner of any

healing art:

    (1)    Who has treated you for injuries sustained in this occurrence;

    (2)    Who has treated you for previous injuries to those portions of your body which you claim to have injured in this occurrence;

Defendants believe the best way of confirming that Spine Center Atlanta has fully complied with the Court's Order is by cross-checking its records of communications with Plaintiff's legal team against those held by Plaintiff counsel themselves. The Court's Order states that "Defendants are entitled to discover the extent of Dr. Chappuis and Spine Center Atlanta's communications with Plaintiff's

counsel." Communication, of course, is a two-way street.

Provided Spine Center Atlanta has indeed fully complied with the Court's order, any communications (emails, letters, phone logs, etc.) provided by Plaintiff counsel should be 100% duplicative of the same information provided by Spine Center Atlanta. However, should the production between the two sides differ, that would suggest communications have been withheld. Defendants seek only communications between Plaintiff's legal team and Spine Center, and do not seek any internal communications between Plaintiff and her own lawyers.

Accordingly, Defendants are seeking an order instructing Plaintiff counsel to produce their copies of all communications with Spine Center Atlanta.

Respectfully submitted,

McMICKLE, KUREY & BRANCH, LLP

*s/Zach M. Matthews*
**ZACH M. MATTHEWS**
Georgia Bar No. 211231
*Attorney for GS Rockledge, LLC and*
*Grep Southeast, LLC*

200 S. Main Street
Alpharetta, Georgia 30009
(678) 824-7800
Fax: (678) 824-7801
Email: zmatthews@mkblawfirm.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELLY A. SHURE, | ) | |
| Plaintiff, | ) | Civil Action File No. |
| v. | ) | 1:16-CV-00650-RWS |
| GS ROCKLEDGE, LLC; | ) | |
| GREP SOUTHEAST, LLC; | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' DISCOVERY DISPUTE

COMES NOW Plaintiff **KELLY A. SHURE** and files this response to Defendants **GS ROCKLEDGE, LLC** and **GREP SOUTHEAST, LLC**'s request for Plaintiff to open certain parts of her file to the defense—emails and/or correspondence between Plaintiff's attorneys and Plaintiff's medical provider, Spine Center of Atlanta. These communications are not subject to discovery under the federal work product doctrine, which arose in *Hickman v. Taylor,* 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed.451 (1947).

In *Hickman*, the defense refused to submit (during discovery) portions of its file related to defense counsel's investigation of the case. The United States Supreme Court agreed, reasoning as follows:

> Here is simply an attempt, without purported necessity or justification,
> to secure written statements, private memoranda and personal
> recollections prepared or formed by an adverse party's counsel in the
> course of his legal duties. As such, it falls outside the arena of

Page 1 of 3

discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.

*Id.* 329 U.S. at 510.

The gravamen of this holding is that, in performing their various duties, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* 329 U.S. at 510-11. "Making preparation material routinely available to litigation adversaries may demoralize counsel, since his work efforts can be used against his client." Policies of work product doctrine—Attorney, Attorney-Corporate Client Privilege § 7:10 (3d, 2018-1 ed.).

In the case *sub judice*, this Court has directed Spine Center of Atlanta to turn over certain correspondence between it and Plaintiff's attorneys. That is a directive to an outside third-party, which does not involve the attorney work-product doctrine. But the defense's current attempt to delve into Plaintiff's file violates this doctrine. So does the defense's threat to depose Plaintiff's counsel as fact witnesses. Plaintiff therefore respectfully urges this Court to deny the defense's request for Plaintiff to open certain parts of her file to the defense.

Another basis for denying defense counsel's request is the lack of a showing

that Plaintiff's attorneys had an influence on Plaintiff's medical treatment or Spine Center's billing practices. On the contrary, Plaintiff Shure testified that she "self-referred" to Spine Center. And Spine Center's COO testified that Plaintiff's counsel had no influence on Spine Center's medical treatment or billing practices. The only influence, if any, plaintiff had over Spine Center's billing practices was to compromise the medical lien for settlement purposes—an inquiry which was suggested by the defense during settlement negotiations. This correspondence was therefore not relevant and not discoverable under Fed. R. Evid. 408, which provides that compromise offers and negotiations are not admissible except for limited purposes such as proving a witness's bias or prejudice. See *Allen County, Ohio v. Reilly Indus.*, 197 F.R.D. 352 (N.D. Ohio 2000) (refusing to allow the discovery of correspondence between counsel for settling parties). *See also Ex parte Water Works and Sewer Bd. of City of Birmingham*, 723 So. 2d 41, 45 (Ala. 1998) (looking to federal cases applying Rule 408 and holding that statements made in settlement negotiations are not discoverable).

Respectfully submitted this 2nd day of March, 2018.

/s/ T. Charles Blaska
T. Charles Blaska
Georgia State Bar No. 940640

**THE BLASKA LAW FIRM, LLC**
8565 Dunwoody Place, Suite A
Atlanta, Georgia 30350
(770) 998-1005

*Attorneys for Plaintiff*

Page 3 of 3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY A. SHURE,<br><br>   Plaintiff,<br><br>v.<br><br>GS ROCKLEDGE, LLC, GREP<br>SOUTHEAST, LLC,<br><br>   Defendants. | CIVIL ACTION FILE NO.:<br>1:16-CV-00650-RWS |

## DEFENDANTS' BRIEF SUMMARY OF DISCOVERY DISPUTE

COME NOW Defendants and, pursuant to the Court's instructions, provide the following brief summary of their discovery dispute with Plaintiff:

Plaintiff is seeking work orders as well as "capital expenditure" reports relating to hand-railing, fence and stairwell maintenance and/or revision work performed throughout a complex which is approximately one square mile in size. Plaintiff fell during a snow and ice event on an exterior set of sidewalk steps, breaking a free-standing metal handrail in the process.

Although Defendants believe Plaintiff's requests are probably over-broad in scope, as the condition of a handrail a mile away from that involved in this case is unlikely to be relevant or admissible at trial (and fence condition seems wholly irrelevant), Defendants nevertheless have attempted to work with Plaintiff on

M0391948.1 13282

1

multiple occasions to satisfy their requests.

Defendants sold the subject property and are no longer in control of same, as they have informed Plaintiff counsel. Undersigned counsel has personally been to the property on prior occasions and has seen the on-site work order database, which is accessible via computers in the "Rockledge" main office.   Because Defendants are not in control of this database, they cannot produce any records from it.  Defendants respectfully suggest a properly-tailored non-party request to the present manager, BH Management, LLC[1], may be in order.  Defendants have, at Plaintiff counsel's request, reviewed their own systems (which they at one point believed may have contained a back-up copy of the work order database), but they have now confirmed no such back-up was made.  Accordingly, only the present manager of the property has access to the requested records, if they still exist.

Regarding "capital expenditure" reports, Defendants have made one diligent search already, but are presently re-reviewing their materials to make certain everything responsive has been produced. Defendants will either supplement the results of that re-review or provide a certification that no additional responsive "capital expenditure" reports exist within the next 14 days.

Similarly, Defendants are not in possession of any documents relating to their lender Jones Lange Lasalle's inspection of the subject premises, other than

---

[1] Defendants identified this entity via a review of the current Rockledge Apartments website, and have served their own non-party discovery request out of courtesy to Plaintiff counsel.  Plaintiff counsel have, inexplicably, so far declined to serve their own similar request.

those they have already provided.  Defendants came to possess the correspondence they previously produced only because Jones Lange Lasalle mailed same to Defendants.  Again, a properly-tailored non-party request may be appropriate to determine if any other pertinent records are in Jones Lange Lasalle's possession.

Defendants would object to blanket non-party requests seeking evidence of their financial condition, etc., but would have no objection to a request asking Jones Lange Lasalle or any other entity which may have conducted an inspection at any time to produce any documents relating to their review of handrails or sidewalk staircases.

Defendants remain happy to cooperate with Plaintiff's continuing discovery requests and will absolutely do so to the extent they are capable, but they cannot produce what they do not have.

Respectfully submitted,

McMICKLE, KUREY & BRANCH, LLP

s/Zach M. Matthews
**ZACH M. MATTHEWS**
Georgia Bar No. 211231
*Attorney for GS Rockledge, LLC and*
*Grep Southeast, LLC*

200 S. Main Street
Alpharetta, Georgia 30009
(678) 824-7800
Fax: (678) 824-7801
Email: zmatthews@mkblawfirm.com

M0391948.1 13282

3