**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KELLY A. SHURE,         :
                        :
    Plaintiff,        :
                        :    CIVIL ACTION NO.
    v.               :    1:16-CV-650-RWS
                        :
GS ROCKLEDGE, LLC, et al.,   :
                        :
    Defendants.    :

## <u>ORDER</u>

This matter is before the Court on Defendants' Motion for Attorney Fees [Doc. No. 88], Third Party Spine Center's Motion for Reconsideration [Doc. No. 90], and Third Party Spine Center's Motion to Strike [Doc. No. 95].

**I.**    **Motion for Attorney Fees [Doc. No. 88] and Motion to Strike [Doc. No. 95]**

As an initial matter, the Court will address Spine Center's Motion to Strike [Doc. No. 95]. Spine Center asks the Court to strike Defendants' reply and supplemental affidavit on their Motion for Attorney Fees [Doc. Nos. 91 and 92]. The Court acknowledges that Defendants' reply is an improper letter brief and that the supplemental affidavit includes new information. However, in the interest of having a complete record, the Court will not strike the reply or affidavit. Spine

Center's Motion to Strike [Doc. No. 95] is DENIED.

Once the decision to award attorneys' fees has been made, as is the case here, the determination of a reasonable fee is left to the sound discretion of the trial judge after proper application of a lodestar fee analysis.  Hensley v. Eckerhart, 461 U.S. 424, 436 (1983); Natco, Ltd. P'ship v. Moran Towing of Fla., Inc., 267 F.3d 1190, 1196 (11th Cir. 2001).  The starting point for calculating a reasonable attorneys' fee award is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley, 461 U.S. at 433. The product of this formula is the "lodestar."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

Defendants, as the parties seeking an award of fees here, bear the burden of demonstrating the reasonableness of the attorney hours worked and the rates claimed.  Hensley, 461 U.S. at 433.  That burden includes:

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.  Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

2

ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).   Similarly, in opposing Defendants' fee application, Spine Center has an obligation to make specific and "reasonably precise" objections and proof concerning hours it wants excluded from any award.   Yule v. Jones, 766 F.Supp.2d 1333, 1341 (N.D. Ga. 2010) (citing Hensley, 461 U.S. at 428).

In determining reasonable attorney hours and fees, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."   Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir. 1988).   And the Court must bear in mind "that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed . . . not the least time in which it might theoretically have been done."   Id. at 1306.

In its April 23 Order [Doc. No. 86], the Court concluded that Defendants are entitled to costs and expenses for the bringing of the Renewed Motion to Compel and Renewed Motion for Sanctions ("Renewed Motions") [Doc. No. 76]. In their Request for Costs [Doc. No. 88], Defendants request costs and expenses going back to June 2016.   The request far exceeds the ruling of the Court. Defendants are not entitled to fees and expenses prior to the Court's February 22

3

Order [Doc. No. 70]. Spine Center also argues that the time records lack sufficient specificity to permit the court to calculate time expended on the Renewed Motions. Taking into account these objections, the Court has reviewed the entries subsequent to the February 22 Order and concludes that Defendants are entitled to recover attorney's fees and expenses, as follows:

> (a) 30.6 hours for partner time, 1.4 hours for associate time, and 1.9 hours for paralegal time expended for briefing and preparation for and attendance at oral argument;

> (b) 9.5 hours for partner time and 1.7 hours for paralegal time otherwise expended due to Spine Center's failure to comply with the Court's Order, including communications by counsel seeking compliance, submissions to the Court prior to filing the motions, etc.; and

> (c) $470.48 for expenses.

The Court reduced time allotted to preparation for oral argument based on issues other than Defendants' motions being argued at the hearing.

Spine Center has made only generalized objections to the hourly rates charged by counsel. The Court finds that the rates are reasonable.

Based on the foregoing, Defendants are awarded attorney's fees and

4

expenses of $8970.98 against Spine Center.

## II.     Motion for Reconsideration [Doc. No. 90]

Spine Center asks the Court to reconsider and amend its previous order requiring additional production [Doc. No. 86].  The Motion for Reconsideration [Doc. No. 90] is GRANTED, and the Court's earlier order is AMENDED as follows:

(1)    As to the Pro Med contract, it is sufficient that Spine Center produce a redacted copy of the contract.   Spine Center's request for a protective order is GRANTED.

(2)    As to the email searches, Spine Center is ORDERED to supplement within fourteen days its production with the results of all 14 email custodian searches, as well as a Declaration from the outside IT vendor explaining its process and the results of its investigation.

(3)    As to the Centricity tabs of Plaintiff's files, Spine Center is ORDERED to produce within fourteen days all information under all tabs of Plaintiff's files.  Spine Center is not required to search for billing alterations at this time.  If, after receiving the other discovery required, Defendants believe they can justify the costs associated

with this discovery, they may move the Court to reconsider.

(4)     Finally, as to the text message searches, Spine Center is ORDERED
to supplement within fourteen days its production with the text
message searches for the additional eight employees.

**SO ORDERED**, this 13th day of July, 2018.

_____

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/8
2)